## Vose and Joyce *vs.* Cockroft and Leary.

Where the master of a vessel is sailing her under an agreement between him and the owner by which he, the master, is to sail her "on shares," paying all bills for wages of officers and crew, and furnishing provisions therefor, and as "wages for himself," receiving one half of the gross amount of freight, the knowledge of the existence of such a contract, by persons furnishing supplies for the use of the vessel, on the order of the master, will not import an exclusive credit to the master, or prevent the enforcement of a lien upon the vessel, for such supplies.

Such an agreement between the owner of a vessel and the master, being only for the mode of compensating the master, does not release the vessel from the ordinary liability for supplies.

THIS action was brought upon a bond given by the defendants, for the purpose of releasing the brig *Jachin* from an attachment issued against her upon the application of the plaintiff to enforce an alleged lien for supplies, furnished said vessel by the plaintiffs. The supplies consisted of a bill of provisions, furnished by the plaintiffs for the brig *Jachin*, for a voyage she was about to make from the port of New York to Trinidad.

The cause was tried on the 5th day of November, 1863, before Mr. Justice ALLEN, without a jury; who found as matter of fact, that in the month of March, 1859, Lorenzo W. Lovejoy was master of the brig *Jachin*, owned by the defendant Cockroft. That Lovejoy, as such master, on March 9, 1859, contracted a debt to the plaintiffs on account of materials and supplies, and articles furnished for or towards the fitting, furnishing and equipping the brig *Jachin*, and for provisions and stores fit and proper for the use of the brig *Jachin*, and which were of the value of $231.56. That the plaintiffs duly filed specifications, as required by the statute, giving liens on domestic vessels, and duly applied for a warrant to enforce the lien, and the vessel was duly arrested under said warrant, and the defendants gave the bond set up in the pleadings to release her from the same. He further found as matter of fact, that at the time said provisions and stores were furnished, as aforesaid, Lovejoy was sailing said

Vose v. Cockroft.

vessel under a written agreement with her owner, the defendant Jacob H. V. Cockroft, of which the following is a copy:

"*New York, May* 54, 1858.

It is this day mutually agreed between J. H. V. Cockroft, owner of the brig *Jachin*, and Lorenzo W. Lovejoy, that the latter shall take charge of the said brig *Jachin*, and sail her on shares, as is customary in such cases, that is, the master shall pay all bills for wages of officers and crew, and furnish provisions therefor, also one half of all bills for extra labor, stevedores, towages, wharfage, dunnage, commissions, chronometer hire, and other port charges; he shall conduct the business of the vessel in a proper manner, and in consideration of these services, and as wages for himself, shall receive one half of the gross amount of freight earned by said brig *Jachin* during the period that he remains master of the vessel aforesaid.                        J. H. V. COCKROFT.

                                    L. W. LOVEJOY."

That Lovejoy remained in charge of said brig as master, under said agreement, until the provisions and supplies furnished by the plaintiffs, and claimed in this action, were furnished for said brig, and were put on board, when the said Cockroft assumed the control of the said brig, and discharged said master, and the said supplies, &c. were afterwards used in and upon, and for the benefit of said vessel. The plaintiffs had previously owned this vessel, and had sold her to Cockroft, and Lovejoy had sailed the vessel for the plaintiffs under an agreement similar to that with Cockroft. Lovejoy had bought his stores of the plaintiffs for this vessel for several voyages before, for which he had paid them out of his share of the earnings of the vessel when the vessel returned from the voyage for which the stores were furnished. Lovejoy ordered this bill of stores from the plaintiffs, and understood from the plaintiffs that he was liable for them. That none of said debt has ever been paid to the plaintiffs.

And the judge found, as matter of law, that the said debt

was a subsisting lien upon said vessel, and was duly exhibited, and that by reason of the non-payment thereof the condition of the bond has been broken; and that the plaintiffs are entitled to recover of the defendants the amount of said debt and interest, amounting in all to the sum of $306.91, with costs.

Judgment being entered accordingly, the defendants appealed.

*Chas. N. Black*, for the appellants.

*Benedict, Burr & Benedict*, for the respondents.

LEONARD, J. . The contract between Lovejoy, the master, and Cockroft, the owner, was not a chartering of the vessel; but was a mode for fixing the wages of the master. He was to take a share of the gross earnings, from which he was to bear certain expenses of running the vessel; and this share he was to receive "as wages." There is no time fixed for the continuance of the agreement. The owner could remove the master at any time, without his consent; and it appears that he finally did so, having the supplies furnished by the plaintiffs, then on board, for which they never had been paid, and of which, it follows, that the owner had the exclusive benefit.

The master ordered the supplies, and the plaintiffs furnished them on that order, for the use of the vessel, and they were such as were proper. The knowledge of such a contract does not import an exclusive credit to the master, or any inconsistency with the present position of enforcing a lien for the supplies, so far as I can understand it.

The plaintiffs probably expected the master to pay for the supplies; but that does not indicate that they were not to look to their lien if he did not do so.

The judgment should be affirmed, with costs.

INGRAHAM, P. J. The agreement with the captain, made by the owner, being only for the mode of compensation, did

not release the vessel from the ordinary liability for supplies. If either had purchased, the liability would have been the same. There is nothing in the case to show that the plaintiffs knew of the existence of such a contract, and even if they had known of it, the liability would continue, and more especially so when it appeared the stores were purchased for a voyage not performed, and the defendant used the stores after they discharged the captain and put another in his place. Even if the captain could be considered as a charterer, the vessel would be liable. In *Pendleton* v. *Franklin*, (7 *N. Y. Rep.* 508,) it was held that if the debt was contracted by the master, even where he had a charter for three years, the vessel was liable. And Gardiner, J. says the creditor is not bound at his peril to determine in which character he acted. A similar case was decided by this court, in *Kenzel* v. *Kirk*, (37 *Barb.* 113.)

It is suggested there is no finding on the question whether the plaintiffs knew the captain was sailing the vessel under this agreement; but no such finding is necessary, and if it were, we are to presume the court below so found, if necessary to sustain the judgment.

The judgment should be affirmed.

SUTHERLAND, J. (dissenting.) The learned Judge who tried this action at the circuit, found as a fact, that at the time the plaintiffs furnished the provisions or stores, Lovejoy was sailing the vessel under the written agreement set out in the findings. By this agreement, Lovejoy was to pay all bills for wages of officers and crew, *and furnish provisions therefor.* The Judge also found that Lovejoy ordered the bill of stores from the plaintiffs, and understood from the plaintiffs that he was liable for them; but there is no finding whatever on the point or question, whether when the goods were ordered by Lovejoy, and furnished by the plaintiffs, the plaintiffs knew that Lovejoy was sailing the vessel under the written agreement. I think a finding on this point or

question, one way or the other, was necessary for the determination of the question of law.

If there had been a definite finding, that the stores or provisions were sold to Lovejoy, and on his credit, I do not think that finding alone would have determined the question of lien against the plaintiffs. In other words, I do not think the finding or conclusion that the plaintiffs had a lien on the vessel for their debt inconsistent with the fact or finding of fact, that the stores were sold or furnished on the credit of Lovejoy; but I am inclined to think if the stores were sold on the credit of Lovejoy, with a knowledge that he was sailing the vessel under the agreement, which bound him to furnish the ship's provisions, out of his half of the gross amount of freight earned, that the plaintiffs must look to him alone for payment, and that they had no lien on the vessel for their debt. (*See opin. of Judge Curtis,* 6 *Monthly Law Rep. new series,* 401.) I do not refer to this opinion as conclusive on the point, for the lien in the case before Judge Curtis was claimed under somewhat different circumstances; but still I think the views and reasoning of Judge Curtis in the case referred to, would in the main apply to this, if the plaintiffs sold the goods on the credit of Lovejoy, knowing the terms of the agreement between him and the owner.

It does not look reasonable that the plaintiffs should have a lien on the vessel, if the goods were furnished on the credit of Lovejoy, with a knowledge of the fact that he was under contract with the owner to furnish the provisions out of his share of the earnings; and I do not think the act, under which the plaintiffs undertook to enforce their claimed lien, was intended to give a lien, or to enable a party to enforce a lien, under such circumstances.

There is evidence in the case tending to show that the plaintiffs, when they furnished the stores, did know of the terms of the agreement between Lovejoy and the owner, when they were furnished; but I do not think it would be safe for the general term to find the fact of such knowledge,

The People *v.* Third Avenue Railroad Company.

in the absence of any finding by the court below from such evidence. And as the Judge who tried the cause has ceased to hold the office, and the case can not very well be remitted for further findings, I think we should grant a new trial, costs to abide the event.

Judgment affirmed.

[NEW YORK GENERAL TERM, September 19, 1865. *Ingraham, Leonard* and *Sutherland,* Justices.]